The Honorable Pat Bond State Representative 717 Foxwood Drive Jacksonville, AR 72076-2624
Dear Representative Bond:
You have requested an Attorney General opinion concerning the applicability of the Freedom of Information Act (A.C.A. § 25-15-101 etseq.) to a meeting that was held by a private organization to discuss the Arkansas Fire Training Academy Board.
You indicate that the Arkansas Fire Chiefs' Association, which is a private organization, held a meeting for the purpose of discussing matters concerning the Arkansas Fire Training Academy and its director. You state that several members of the Arkansas Fire Training Academy Board who are members of the Arkansas Fire Chiefs' Association were present at the meeting. At the beginning of the meeting, a motion was made to close the meeting to non-members. You also state that other unannounced meetings of the Arkansas Fire Chiefs' Association have been held, and that two or more members of the Arkansas Fire Training Academy Board attended.
In light of this situation, you have asked:
 (1) Does the presence of several members of the Arkansas Fire Training Academy Board at closed meetings of the Arkansas Fire Chiefs' Association constitute an informal meeting of the Fire Training Academy Board?
 (2) If the response to Question 1 is yes, can minutes and other documentation of the meeting(s) be requested by the general public under the Freedom of Information Act?
 (3) Does the advisory nature of the Arkansas Fire Training Academy Board constitute an exemption from the Freedom of Information Act, even though its members can be reimbursed for expenses from state monies?
Response
Question 1 — Does the presence of several members of the Arkansas FireTraining Academy Board at closed meetings of the Arkansas Fire Chiefs'Association constitute an informal meeting of the Fire Academy Board?
It is my opinion, as explained more fully below, that on the face of the statutes governing the Arkansas Fire Training Academy Board, the board[1]
does not appear to be a "governing body" within the meaning of the Freedom of Information Act (FOIA). If this conclusion is correct, the board is not subject to the open meetings requirement of the FOIA. Under those circumstances, the fact that several board members were present at a meeting where board matters were discussed does not trigger a FOIA-related inquiry into the issue of whether a meeting of the board occurred. However, if (as also explained more fully below) the board can be shown factually to constitute a de facto "governing body," it would be subject to the open meetings requirement of the FOIA, and the presence of the board members at the meetings you have described could constitute a violation of the FOIA.
In order to be subject to the open meetings requirement of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.), a body must be a "governing body." See A.C.A. § 25-19-106(a). Although the FOIA does not define the term "governing body," nor has the Arkansas Supreme Court explicitly interpreted the term, the Attorney General has consistently taken the position that the pertinent factor in determining whether a group constitutes a "governing body," is whether the group has decision-making authority. See, e.g., Op. Att'y Gen. No. 99-407. Seealso Watkins, Freedom of Information Act (3d ed., mm Press 1998) at 49et seq. Groups that are advisory in nature do not generally constitute "governing bodies." The question of whether a particular group constitutes a "governing body" is therefore, to a certain extent, a question of fact. Accordingly, I cannot opine definitively as to whether the Arkansas Fire Training Academy Board is a "governing body." Nevertheless, the statutes governing the board appear to indicate that the board is not a "governing body."
The Arkansas Fire Training Academy Board was created by Act 529 of 1983 [codified at A.C.A. § 12-13-201 et seq.]. The board's duties are set forth in A.C.A. § 12-13-203, which states:
 The Arkansas Fire Training Academy Board shall have the authority and responsibility to advise the Chancellor at Southern Arkansas University, SAU — Tech, on service needs, curriculum, instructional content, and problems at the Fire Training Academy and on the appointment and retention of the Director of the Arkansas Fire Training Academy.
A.C.A. § 12-13-203.
The Fire Training Academy was created to be a part of Southern Arkansas University, SAU — Tech. The fact that the Fire Training Academy Board is empowered only to advise the Chancellor at Southern Arkansas University, SAU — Tech concerning the Academy indicates that the Chancellor, rather than the board, has decision-making authority over the Academy. These statutes can reasonably be interpreted as indicating that the board is not the "governing body" of the Fire Training Academy. If this interpretation is factually correct, I would conclude that the board is not subject to the open meetings requirement of the FOIA. It would follow, accordingly, that the presence of several members of the board at a meeting where Fire Academy matters were discussed would not constitute a violation of the FOIA.
I must note, however, that if the board does, in fact, make decisions that govern the Fire Training Academy, or if the facts indicate that the Chancellor of the university, as a matter of course, automatically accepts the recommendations of the board, the board could, under those circumstances, constitute a de facto "governing body." If that is the case, the board would be subject to the open meetings requirement of the FOIA. I must note that the fact alone of the presence of the board members at the Fire Chiefs' Association meetings would not necessarily constitute a meeting of the board. If board matters were not discussed at a meeting where board members were present, the meeting would not constitute a board meeting. However, you have described circumstances under which board members were present at meetings where board matters were discussed.
In any event, if the board can be factually determined to constitute a defacto governing body, it would be necessary to analyze the meetings you have described for the purpose of determining whether proper notice of the meetings was given to the public, pursuant to the requirements of the FOIA, see A.C.A. § 25-19-106, and to determine whether the FOIA's requirements concerning "executive sessions" were complied with. Id.; Op. Att'y Gen. No. 97-178.
Notice
The FOIA's notice requirements are set forth straightforwardly in the act, as follows:
 (b)(1) The time and place of each regular meeting shall be furnished to anyone who requests the information.
 (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere which cover regular meetings of the governing body and which have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.
A.C.A. § 25-19-106(b).
Executive Sessions
The FOIA allows governing bodies to meet in executive session (i.e., in closed meetings) for the limited purpose of "considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." A.C.A. § 25-19-106(c)(1). Only the following people are permitted to attend an executive session: "the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved, and the employee[.]" A.C.A. § 25-19-106(c)(2)(A). In addition to these limitations on executive sessions, the specific purpose of the executive session must be announced in public before the executive session begins. A.C.A. § 25-19-106(c)(1). Finally, no action taken in executive session will be effective unless it is voted upon publicly by the governing body. A.C.A. § 25-19-106(c)(4).
If the Fire Training Academy Board can be factually determined to constitute a de facto governing body, it must comply with all of the foregoing requirements concerning its meetings. Under those circumstances, if, with regard to the meetings you have described, proper notice to the public was not given, and if unauthorized persons were allowed to attend the executive session, and if the other requirements concerning executive sessions were not complied with, the board was in violation of the FOIA. I reiterate that this conclusion can only be reached if the board can be shown factually to constitute a de facto
"governing body."
Question 2 — If the response to Question 1 is yes, can minutes and otherdocumentation of the meeting(s) be requested by the general public underthe Freedom of Information Act?
It is my opinion, as explained more fully below, that regardless of the response to Question 1, the minutes and other documentation of the meetings of the Arkansas Fire Chiefs' Association can be requested under the FOIA from the Arkansas Fire Training Academy Board if these documents are maintained by the Arkansas Fire Training Academy board. However, as also explained below, if the board is determined to constitute a defacto governing body, and if the meetings in question constituted proper executive sessions, the minutes of those executive sessions are not releasable under the FOIA.
As an initial matter, I must explain that even if the board is not a "governing body" and therefore not subject to the open meetings requirement of the FOIA, the board is nevertheless subject to the open records requirement of the FOIA. The "governing body" standard does not apply to the open records requirement. Rather, the fact that the board is a governmental agency will suffice to render it subject to the open records requirement of the FOIA. Op. Att'y Gen. No. 99-407; Watkins at 55. Under the FOIA, the entities who are subject to the open records requirement are "governmental agenc[ies] and any other agency wholly or partially supported by public funds." A.C.A. § 25-19-103(1). The Fire Training Academy Board, having been created by state law, formed by appointments of the governor, and funded by public monies, see 12-13-202, is clearly a "governmental agency," within the meaning of the FOIA, and is therefore subject to the FOIA's open records requirement.
The records that must be "open" under the FOIA are "public records." The FOIA defines "public records" as follows:
 "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
Under this broad definition, any minutes or other records of the Fire Chiefs' Association meetings that are maintained by the Fire Training Academy Board constitute "public records" within the meaning of the FOIA. Therefore, if these records are maintained by the board, they must be made available under the Act, unless they fall within one of the exemptions from disclosure.
One exception to the above general rule must be noted. If the board is factually determined to constitute a de facto governing body, as discussed above, and if the meetings in question constituted proper executive sessions of the board, the minutes of those executive sessions should not be disclosed. I have previously taken the position that to disclose the records of executive sessions would defeat the FOIA's purpose in allowing such sessions to be closed. See, e.g., Op. Att'y Gen. No. 91-323.
Question 3 — Does the advisory nature of the Arkansas Fire TrainingAcademy Board constitute an exemption from the Freedom of InformationAct, even though its members can be reimbursed for expenses from statemonies?
See response to Questions 1 and 2.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] All references in this opinion to "the board" are references to the Arkansas Fire Training Academy Board.